UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PASCAL SEXDOU SYLLA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-01608-SEB-MG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

Pascal Sexdou Sylla was convicted by a jury of attempting to commit armed bank robbery and discharging a firearm during and in relation to a crime of violence. Sylla now asks the Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, *United States v. Davis*, 138 S. Ct. 2319 (2019), and *United States v. Taylor*, 142 S. Ct. 2015 (2022). Because *Davis* and *Taylor* do not provide Sylla relief, the Court denies Sylla's § 2255 motion, dismisses this action with prejudice, and declines to issue a certificate of appealability.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On August 1, 2003, Pascal Sylla attempted to rob the Madison County Federal Credit Union in Anderson, Indiana. He pointed his semi-automatic pistol at the bank teller and announced that he was robbing the bank. The only customer in the credit union at the time happened to be the Assistant Chief of Police for the Anderson Police Department. A gunfight ensued and shots were fired. One of the bullets struck Sylla causing him to bleed. He fled and the case went cold. Years later, in March 2011, the Indiana State Police Laboratory confirmed that a blood-spattered bank receipt matched Sylla's DNA. *United States v. Sylla*, 790 F.3d 772, 773 (2015).

On July 16, 2013, Sylla was charged with attempt to commit armed bank robbery, in violation of the first paragraph of 18 U.S.C. § 2113(a), § 2113(d), and § 3297 (Count 1), and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), § 924(a)(1)(C)(i), and § 3297 (Count 2). *United States v. Sylla,* 1:13-cr-151-SEB-TAB-1 (S.D. Ind.) (hereinafter Crim. Dkt.).

Count 1 of the Indictment provides:

> On or about August 1, 2003, in the Southern District of Indiana, the defendant PASCAL SYLLA, by force, violence and intimidation did attempt to take from the person and presence of another United States currency belonging to and in the care, custody, control, management, and possession of the Madison County Federal Credit Union, located at [address], the member shares of which were then insured by the National Credit Union Administration, and in committing such offense, the defendant, PASCAL SYLLA, did assault and put in jeopardy the

life of another person by the use of a dangerous weapon, that is a firearm, to-wit: a .38 caliber semiautomatic firearm. . . .

Crim. Dkt. 1 at 1.

Title 18, United States Code §§ 2113(a), and (d), provide in relevant part:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;

. . . .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C.A. § 2113.

Sylla was appointed counsel. Crim. Dkt. 14. On April 16, 2014, Sylla was found guilty of both counts by a jury. Crim. Dkt. 44.

On July 29, 2014, the Court sentenced Sylla to 420 months' imprisonment. Crim. Dkt. 55 (Judgment).

Sylla appealed, arguing that the federal DNA tolling statute, 18 U.S.C. § 3297,[1] is unconstitutional as applied to his case, but on June 25, 2015, the Seventh Circuit rejected this argument and affirmed his conviction. *Sylla*, 290 F.3d 772.

---

[1] Title 18, United States Code, Section 3297 provides:

In a case in which DNA testing implicates an identified person in the commission of a felony, no statute of limitations that would otherwise preclude prosecution of the offense shall preclude such prosecution until a period of time following the implication of the person by DNA testing has elapsed that is equal to the otherwise applicable limitation period.

3

On June 10, 2020, Sylla filed this motion to vacate under 28 U.S.C. § 2255, arguing that attempted armed bank robbery is not categorically a crime of violence and that a jury instruction should have been used to determine if the jury relied upon the element or residual clause to tie the § 924(c) conviction to the attempted bank robbery. Dkt. 1. He later supplemented his motion claiming that, pursuant to *Taylor*, his firearm offense should be vacated because attempted armed bank robbery no longer qualifies as a crime of violence under § 924(c). Dkt. 23. The United States responded. Dkt. 22 and 35.

### III. Discussion

Sylla argues that his § 924(c) conviction should be set aside because attempted armed bank robbery cannot be considered a crime of violence following the Supreme Court's rulings in *Davis* and *Taylor*. The United States disagrees that Sylla is entitled to any relief based on *Davis* and *Taylor* and argues that any other claims are time barred, § 2255(f).

**A. Crime of Violence**

Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) of the statute defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause.

In *Davis* the Supreme Court held that 18 U.S.C. § 924(c)(3)'s residual clause—that is, § 924(c)(3)(B)—was unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Therefore, an offense can only qualify as a crime of violence if qualifies under the elements

clause meaning it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.*

In *Taylor*, the Supreme Court explained that "[t]o determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause . . . The only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *United States v. Taylor*, 142 S.Ct. 2015, 2020 (2022).

The Supreme Court went on to hold that attempted Hobbs Act robbery under 18 U.S.C. § 1951(b) does not qualify as a crime of violence under § 924(c)(3). "[T]o win a case for attempted Hobbs Act robbery the government must prove two things: (1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Id.* at 2020. Thus, in an attempted Hobbs Act robbery, "individuals arrested 'before they can threaten anyone may be convicted too.'" *United States v. Turner*, 47 F.4th 509, 523 (7th Cir. 2022) (quoting *Taylor*, 142 S. Ct. at 2022). Because attempted Hobbs Act robbery could be committed without actually threatening force, it could not serve as a predicate for a conviction and sentence under the elements clause. *Id*. (citing *Taylor*, 142 S. Ct. at 2022).

### B. Attempted Armed Bank Robbery, 18 U.S.C. §§ 2113(a), (d)

Sylla's reliance on *Davis* and *Taylor* fails, however, because attempted armed bank robbery under the first paragraph of § 2113(a) and § 2113(d) requires proof of the use, attempted use, or threatened use of physical force. The first paragraph of § 2113(a) requires the United States to prove as an element of its case that the defendant attempted to take money or property "by force and violence, or by intimidation," § 2113(a). Next, § 2113(d) requires the United States to prove

5

as an element of its case that the defendant in "in attempting to commit," the robbery "assault[ed] any person, or put[] in jeopardy the life of any person by the use of a dangerous weapon or device," § 2113(d). Both elements require the use, attempted use, or threatened use of force. *See* Crim. Dkt. 42 at 5 (Jury Instructions); *see also United States v. Thornton*, 539 F.3d 741, 746 (7th Cir. 2008) (noting defendant was charged under the first and not the second paragraph of § 2113(a)); Crim. Dkt. 1 (Indictment).

An attempt under § 2113(a) requires actual force or intimidation. *Thornton*, 539 F.3d at 747. Based on the plain language of the statute, "actual force and violence or intimidation is required for a conviction under the first paragraph of § 2113(a), whether the defendant succeeds (takes) or fails (attempts to take) in his robbery attempt." *Id.*; *see also United States v. Jett*, 908 F.3d 252, 263 (7th Cir. 2018); *Smith v. United States,* No. 21-12960, 2023 WL 2810700, at *2 (11th Cir. Apr. 6, 2023).

Sylla argues that intimidation and assault do not require the use, attempted use, or threatened use of force. Dkt. 1 at p. 10-11. But these arguments were rejected in *United States v. Armour*, 840 F.3d 904 (7th Cir. 2016). Attempted "robbery by intimidation under § 2113(a) and robbery by assault by a dangerous weapon or device under § 2113(d) have as an element the use, attempted use, or threatened use of physical force against the person or property of another and thus qualify as crimes of violence under § 924(c)." *Id.* at 909. The Seventh Circuit explained that attempted armed bank robbery by intimidation has as an element the threatened use of physical force because the "bank employee can reasonably believe that a robber's demands for money to which he is not entitled will be met with violent force . . . because bank robbery under § 2113(a) inherently contains a threat of violent physical force." *Id.* Similarly, attempted armed bank robbery by assault under § 2113(d), requires putting the victim in fear "by the use of a dangerous weapon

6

or device." thus, "[t]he victim's fear of bodily harm is necessarily fear of violent physical force that is inherent in armed bank robbery." *Id.*

For all these reasons, Sylla's conviction under 18 U.S.C. § 2113(a) and (d), constitutes a crime of violence under the force clause. *See Armour*, 840 F.3d at 908 (holding that § 2113(a) and (d) qualify as crimes of violence under the force clause). Sylla's challenges to his conviction and sentence based on *Davis* and *Taylor* are without merit. Even though *Davis* invalidated § 924(c)(3)(B)'s residual clause, attempted armed bank robbery under § 2113(a) and (d), is still a crime of violence under § 924(c)(3)(A)'s force clause and constitutes a valid predicate crime of violence for the purposes of Sylla's convictions. Sylla is thus not entitled to relief on this basis, and any other claims raised in his motion are summarily denied because they are barred by the one-year statutory deadline. *See* § 2255(f).

### IV.  Conclusion

For the reasons explained in this Order, Sylla is not entitled to relief on his § 2255 motion. Neither his conviction nor his sentence violates the constitution. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry in No. 1:13-cr-151-SEB-TAB-1.** The motion to vacate (Crim. Dkt. 84) shall also be **terminated** in the underlying criminal action.

### V.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014).  Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings,

and 28 U.S.C. § 2253(c), the Court finds that Sylla has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:  4/17/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PASCAL SEXDOU SYLLA
07955-028
MCCREARY - USP
MCCREARY U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
PINE KNOT, KY 42635

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov